UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

SEP 22 1999

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Plaintiff,<br><br>    v.<br><br>HOLD BILLING SERVICES, LTD.,<br>    a Texas limited partnership;<br>HBS, INC.,<br>    a Texas corporation;<br>AVERY COMMUNICATIONS, INC.,<br>    a Texas corporation;<br>VETERANS OF AMERICA ASSOCIATION, LTD.,<br>    a Pennsylvania corporation;<br>THOMAS M. LYONS, individually and as an officer<br>    of HBS, Inc.;<br>KEITH C. CALIL, individually and as an officer of<br>    Veterans of America Association, Ltd.; and<br>MILFORD H. BALABAN, individually and as an officer<br>    of Veterans of America Association, Ltd.,<br><br>    Defendants. | CIVIL NO. SA-98-CA-0629-FB |

**STIPULATED FINAL JUDGMENT AND
ORDER FOR PERMANENT INJUNCTION AS TO
DEFENDANT MILFORD H. BALABAN**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed its complaint for permanent injunction and other relief pursuant to § 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), charging Defendant Milford H. Balaban with violating Section 5 of the FTC Act, 15 U.S.C. § 45.

STIPULATED FINAL JUDGMENT AND ORDER            PAGE 1 OF 17

The parties have agreed to the entry of this Stipulated Final Judgment and Order for Permanent Injunction ("Order") by this Court to resolve all matters of dispute between them in this action.

**NOW, THEREFORE,** Plaintiff Federal Trade Commission and Defendant Milford H. Balaban having requested the Court to enter this Order,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

1. This Court has jurisdiction of the subject matter of this case and of the parties consenting hereto.

2. Venue is proper as to all parties in the Western District of Texas.

3. The activities of Defendant Milford H. Balaban were in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted against Defendant under § 5 of the FTC Act, 15 U.S.C. § 45(a).

5. Defendant has waived all rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996).

6. This Order does not constitute an admission by Defendant that he has engaged in violations of the FTC Act.

7. Nothing in this Order shall be construed as relieving Defendant of any obligations he may have under any other rule or law enforced by the FTC or Federal Communications Commission.

### DEFINITIONS

1. "Commission" or "FTC" means the Federal Trade Commission.

2.  "Contribution" means money or any item of value provided in response to a solicitation made on behalf of, or in the name of, any non-profit or charitable organization or any for-profit organization using a name that implies, directly or indirectly, that it is a non-profit or charitable organization.

3.  "Defendant" means Defendant Milford H. Balaban and his successors and assigns.

4.  "LEC" or local exchange carrier means the local telephone company from which a Line Subscriber receives his or her telephone bill.

5.  "Line Subscriber" means an individual or entity who has arranged with a LEC to obtain local telephone service provided through an assigned telephone number, and to be billed for such service on a monthly or other periodic basis.

6.  "Material" means likely to affect a Person's decision-making or conduct.

7.  "Person" means any individual, partnership, corporation, association or unincorporated association, government or governmental subdivision or agency, group, or other entity.

8.  "Representatives" means Defendant's partners, agents, employees, servants and attorneys and those Persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

9.  "Telephone-Billed Transaction" means any purchase or purported purchase of a good or service that is charged to a Line Subscriber's telephone bill, including any voice mail or audiotext service, but excluding: (1) purchases solely of common carrier transmission services; and (2) purchases of services accessed by dialing a 900 number or other number that can be blocked by the Line Subscriber pursuant to 47 U.S.C. § 228(c).

## I. - BAN ON SWEEPSTAKES AND NEGATIVE OPTION BILLING

**IT IS THEREFORE ORDERED** that Defendant and his Representatives are hereby permanently restrained and enjoined from billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a Line Subscriber for any Telephone-Billed Transaction made in connection with a sweepstakes, prize promotion or negative option marketing plan.

## II. - REQUIRED DISCLOSURES

**IT IS FURTHER ORDERED** that Defendant and his Representatives are hereby permanently restrained and enjoined from billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a consumer for any purchase without disclosing, clearly and conspicuously, before a potential purchaser authorizes charges for any goods or services:

    A.    The total cost of the goods or services offered;

    B.    The number and amount of any payments to be made for the purchase;

    C.    That charges for the good or service will be billed to the consumer's telephone bill, if that is the case;

    D.    Any material term, condition, or limitation of the transaction or on the use of the offered good or service;

    E.    The refund policy, if any, or if none, the fact that refunds will not be granted; and

    F.    The means, if any, by which the purchase can be canceled.

## III. - PERFORMANCE BOND FOR CHARITABLE SOLICITATIONS

**IT IS FURTHER ORDERED** that Defendant and his Representatives are permanently restrained and enjoined from soliciting or receiving, or providing others the means and instrumentalities to solicit or receive, contributions or payments for any good or service offered on behalf of, or for the

benefit of, any non-profit charitable organization or any for-profit organization using a name that implies, directly or indirectly, that it is a non-profit or charitable organization, without first obtaining a performance bond in the principal amount of ONE HUNDRED THOUSAND DOLLARS ($100,000); maintaining the bond in that principal sum so long as any of them solicits or receives, or provides others the means and instrumentalities to solicit or receive, such contributions or payments; and complying with each of the bonding and other requirements set forth below; *Provided, however,* that the bonding requirements of this Paragraph shall not be triggered by volunteer fund raising performed without compensation by Defendant or his Representatives on behalf of a *bona fide* charitable organization meeting the requirements of Section 501(c)(3) of the Internal Revenue Code.

      A.    The bond shall be conditioned upon compliance by the Defendant and his Representatives, or any of them, with Section 5 of the FTC Act, 15 U.S.C. § 45 ("Section 5"), and with the provisions of this Order. The bond shall be deemed continuous and remain in full force and effect so long as Defendant or any of his Representatives continues to solicit, or provide others the means and instrumentalities to solicit, contributions or payments, and for at least one (1) year after any of them has ceased to engage in any such activity. The bond shall cite this Order as the subject matter of the bond, and shall provide surety thereunder against financial loss due, in whole or in part, to any violation of Section 5 of the FTC Act, or to any violation of the provisions of this Order.

      B.    The bond shall be an insurance agreement providing surety for financial loss issued by a surety company that holds a Federal Certificate of Authority As Acceptable Surety On Federal Bonding and Reinsuring. Such bond shall inure to the FTC for use as consumer redress or disgorgement owed as a result of any violation of Section 5 of the FTC Act or this Order. The performance bond shall be executed in favor of the FTC if the FTC demonstrates to this Court, or to a Magistrate thereof, by a

preponderance of the evidence, that Defendant or his Representatives, or any of them, violated any condition of the bond.

  C. Defendant and his Representatives shall not disclose the existence of the performance bond to any Person without also disclosing clearly and prominently at the same time: "THIS BOND IS REQUIRED BY ORDER OF THE U.S. DISTRICT COURT IN SETTLEMENT OF CHARGES THAT DEFENDANT AND HIS REPRESENTATIVES ENGAGED IN A PATTERN AND PRACTICE OF MAKING FALSE AND MISLEADING REPRESENTATIONS IN CONNECTION WITH SOLICITING PAYMENTS ON BEHALF OF A FOR-PROFIT VETERANS' ORGANIZATION." If triggered by a written representation, the required disclosure shall be set forth in a clear and conspicuous manner, separated from all other text in 100 percent black ink against a light background, in print at least as large as the main text of the sales material or document, and enclosed in a box containing only the required disclosure.

  D. The Defendant and his Representatives shall provide a copy of any bond required by this Paragraph to the Associate Director, Division of Marketing Practices, Federal Trade Commission, 6th and Pennsylvania Avenue, N.W., Washington, D.C. 20580.

  E. The bond required by this Paragraph shall be in addition to, and not in lieu of, any other bond required by law.

  F. Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies provided by law, including any other proceedings the FTC may initiate to enforce this Order.

## IV. - PROHIBITED CHARITABLE SOLICITATION PRACTICES

**IT IS FURTHER ORDERED** that, in connection with the solicitation of a contribution or the advertising, promotion, offering for sale or selling of any good or service on behalf of, or in the name of, any non-profit or charitable organization, or any for-profit organization using a name that implies, directly or indirectly, that it is a non-profit or charitable organization, Defendant and his Representatives are hereby permanently restrained and enjoined from:

A.  Making or assisting others to make, expressly or by implication, orally or in writing, any statement or representation of material fact that is false or misleading, including, but not limited to, any false representation about:

1.  The non-profit or charitable status of the organization on whose behalf a payment or contribution is solicited;

2.  The organization or solicitor's affiliation with any veterans', law enforcement, fire fighting or other non-profit organization;

3.  The program or organization that a payment or contribution will support;

4.  The tax-exempt status of the organization for which the payment or contribution is sought; and

5.  The tax deductibility of the payment or contribution;

B.  Failing to disclose, if asked by any consumer, the percentage or amount of any payment or contribution that is or will be paid to any non-profit organization; and

C.  Failing to disclose that a payment or contribution is not tax deductible, if that is the case.

## V. - CONSUMER REDRESS

**IT IS FURTHER ORDERED** that judgment is hereby entered against Defendant, jointly and severally with Defendants Veterans of America Association, Ltd. and Keith Calil, in the amount of TWO MILLION ONE HUNDRED FIFTY-FOUR THOUSAND DOLLARS ($2,154,000.00); *Provided, however,* that this judgment shall be suspended until further order of the Court pursuant to Paragraph VI of this Order, and shall not be recorded; and *provided, further,* that this judgment shall be subject to the conditions set forth in Paragraph VI of this Order.

## VI. - RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.     The Commission's agreement to this Order is expressly premised upon the financial condition of Defendant as represented in the "Financial Statement of Individual Defendant" provided by Defendant to the Commission dated October 21, 1998, which contained material information upon which the Commission relied in negotiating and consenting to this Order. If, at any time following entry of this Order, the Commission obtains information indicating that any of Defendant's representations in his financial statement concerning his assets, income, liabilities or net worth were fraudulent, materially misleading, materially inaccurate or incomplete, the Commission may, upon motion to the Court, request that this Order be reopened for the purpose of requiring payment of consumer redress by Defendant; *Provided, however*, that in all other respects this judgment shall remain in full force and effect, unless otherwise ordered by the Court; and *Provided, further,* that proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings Plaintiff may initiate to enforce this Order. For purposes of this Paragraph, and any subsequent proceedings to enforce payment, including but not

limited to a nondischargeability complaint filed in bankruptcy proceedings, Defendant waives any right to contest any of the allegations of the Complaint.

B. A finding by the Court of any material misrepresentation or omission to the Commission as to the financial condition of Defendant shall immediately make due and payable to the Commission from Defendant, the amount of TWO MILLION ONE HUNDRED FIFTY-FOUR THOUSAND DOLLARS ($2,154,000.00) for consumer redress, and a judgment shall issue in that amount against Defendant. The Court, from the stipulation of the parties, finds that this sum represents the amount received by Defendant and Defendants Veterans of America Association, Ltd. and Keith Calil from consumers, and due to them as redress. The Commission, or any of its designees, may record and collect said judgment. The Commission will not seek payment of redress from Defendant except as provided in Paragraph VI., nor seek an amount in excess of said TWO MILLION ONE HUNDRED FIFTY-FOUR THOUSAND DOLLARS ($2,154,000.00).

## VII. - BILLING LIST CONFIDENTIALITY

**IT IS FURTHER ORDERED** that Defendant and his Representatives are hereby permanently restrained and enjoined from selling or renting the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any Line Subscriber or other Person whom Defendant or his Representatives billed or caused to be billed, at any time prior to entry of this Order; *Provided, however*, that Defendant and his Representatives may disclose such identifying information to a law enforcement or regulatory agency as required by any law, regulation, or court order.

## VIII. - MAINTENANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, for each business that Defendant or his Representatives, or any of them, directly or indirectly

manage, control, or have a majority ownership interest in, that is engaged in marketing goods or services to consumers, or assisting others engaged in those activities, Defendant and his Representatives are hereby restrained and enjoined from failing to create, and from failing to retain for a period of two (2) years following the date of such creation, unless otherwise specified:

A.  Books, records, and accounts that, in reasonable detail, accurately and fairly reflect the cost of goods or services sold, annual and quarterly gross revenues generated, and the disbursement of such revenues;

B.  Records accurately reflecting: the name, address, and home telephone number of each Person employed in any capacity by such business, including as an independent contractor; that Person's job title or position; the date upon which the Person commenced work; and if applicable, the date and reason for the Person's termination, at all times while any such Person is employed by Defendant or his Representatives, and for a period of at least two (2) years thereafter;

C.  Records containing the names, addresses, telephone numbers, dollar amounts paid, quantity of all goods or services purchased or billed, and a description of all such goods or services, for all consumers that Defendant or his Representatives have billed or caused to be billed for any goods or services; and

D.  Records of every consumer complaint or refund request, whether received directly or indirectly or through any third party, that are organized and maintained so that all records relating to a consumer are retrievable by the consumer's name, address or telephone number, including, but not limited to:

    1.  The consumer's name, address, telephone number and the dollar amount paid or allegedly owed by the consumer;

**STIPULATED FINAL JUDGMENT AND ORDER**      **PAGE 10 OF 17**

2. A dated copy of the written complaint, inquiry or refund request, if any, and records reflecting the date and content of any oral complaint, inquiry or refund request;

3. The basis of the complaint, including the name of any salesperson complained against, and the nature and result of any investigation conducted concerning any complaint;

4. Each response and the date of the response;

5. Any final resolution and the date of the resolution; and

6. In the event of a denial of a refund request, the reason for the denial.

## IX. - COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of three (3) years from the date of entry of this Order, Defendant shall notify the Commission of the following:

1. Any changes in Defendant's residence, mailing address and telephone number, within ten (10) days of the date of such change;

2. Any change in Defendant's employment status (including self-employment), within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant is affiliated with or employed by, a statement of the nature of the business, and a statement of Defendant's duties and responsibilities in connection with the business or employment; and

3. Any proposed change in the structure of any business entity directly or indirectly owned, managed or controlled by Defendant, such as creation, incorporation, dissolution, assignment, sale, merger, dissolution of subsidiaries, filing of a bankruptcy petition, change in

the corporate name or address, or any other change that may affect compliance obligations arising out of this Order, not less than thirty (30) days prior to the effective date of any proposed change; *Provided, however,* that, with respect to any proposed change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after learning of such proposed change;

B.  One hundred eighty (180) days after the date of entry of this Order, Defendant shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which Defendant has complied and is complying with this Order. The report shall include but not be limited to:

1. The Defendant's then-current residence address and telephone number;

2. The then-current business or employment address and telephone number of all then-current employers of Defendant; a description of the business activities of each employer; and Defendant's title and responsibilities for each employer;

3. A copy of each acknowledgment of receipt of this Order obtained by Defendant pursuant to Paragraph XII.;

4. A statement describing the manner in which Defendant has complied with and is complying with each of the injunctive provisions of this Order; and

5. A statement indicating whether any performance bond has been obtained by Defendant pursuant to Paragraph III, and attaching a copy of any such bond so obtained;

C. Upon written request by a representative of the Commission, Defendant shall submit additional written reports (under oath, if requested) and produce documents on reasonable notice with respect to any conduct subject to this Order;

D. For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

> Associate Director
> Division of Marketing Practices
> Federal Trade Commission, Room 238
> 6th Street and Pennsylvania Avenue, NW
> Washington, D.C. 20580; and

E. For the purposes of this Paragraph, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" include any individual or entity for whom Defendant performs services as an employee, consultant, or independent contractor.

## X. - COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE

**IT IS FURTHER ORDERED** that the Commission is authorized to monitor Defendant's compliance with this Order by all lawful means, including but not limited to the following:

A. The Commission is authorized, without further leave of court, to obtain discovery from any Person in the manner provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26 - 37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring and investigating Defendant's compliance with any provision of this Order;

B. The Commission is authorized to use representatives posing as consumers, potential clients and suppliers to Defendant, including holding incidental conversations with customer service and other representatives of Defendant, without the necessity of identification, prior notice, or the presence of counsel; and

C. Nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to investigate whether Defendant has violated any provision of this Order, Section 5 of the FTC Act, 15 U.S.C. § 45, or any applicable rule or regulation promulgated and enforced by the Commission thereunder.

## XI. - ACCESS TO BUSINESS PREMISES

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, for the purpose of further determining compliance with this Order, Defendant shall permit representatives of the Commission, within three (3) business days of receipt of written notice from the Commission:

A. Access during normal business hours to any office or facility storing documents, of any business that Defendant or his Representatives, or any of them, directly or indirectly manage, control, or have a majority ownership interest in, that is engaged in marketing goods or services to consumers, or assisting others engaged in those activities. In providing such access, Defendant shall permit Commission representatives to remove documents relevant to Defendant's compliance with any provision of this Order for a period not to exceed five (5) business days so that the documents may be inspected, inventoried and copied; and

B. To interview the officers, directors, and employees, including all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, of any business to which this Paragraph applies, concerning matters relating to compliance with the terms of this Order. The Person interviewed may have counsel present; *Provided, however*, that, upon application of the Commission and for good cause shown, the Court may enter an *ex parte* order granting immediate access to Defendant's business

**STIPULATED FINAL JUDGMENT AND ORDER**                                    **PAGE 14 OF 17**

premises for the purposes of inspecting and copying all documents relevant to any provision of this Order.

## XII. - DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Defendant shall:

A.   Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of the Order from, each officer, director, or partner, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, immediately upon employing or retaining any such Person, for each business that Defendant or his Representatives, or any of them, directly or indirectly manage, control, or have a majority ownership interest in, that is engaged in marketing goods or services to consumers, or assisting others engaged in those activities; and

B.   Maintain for a period of three (3) years after creation, and upon reasonable notice, make available to representatives of the Commission, the original signed and dated acknowledgments of receipt of copies of this Order required by Paragraph XII.A. of this Order.

## XIII. - ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that within five (5) business days after receipt by Defendant of this Order as entered by the Court, Defendant shall submit to the Commission a truthful sworn statement, in the form shown on Appendix B, that shall acknowledge receipt of this Final Order.

## XIV. - COSTS

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorney fees incurred in connection with this action.

## XV. - RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction of this matter for the purpose of enabling any of the parties to this Order to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Order, for the enforcement or compliance therewith, or the punishment of violations thereof.

The parties, by their counsel and individually, hereby consent to the terms and conditions of the Stipulated Final Judgment and Order for Permanent Injunction set forth above, and consent to the entry hereof.

**FOR DEFENDANT MILFORD H. BALABAN:**

Milford H. Balaban
59 High Gate Lane
Blue Bell, PA 19422
(215) 542-8181

David S. Katz, Esq.
21 East Airy Street
Norristown, PA 19401
(610) 275-9000
(610) 275-9038 (facsimile)

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

Craig Tregillus
Federal Trade Commission
Washington, DC 20580
(202) 326-2970
(202) 326-3395 (facsimile)

The parties, having agreed to the entry of this Order enjoining Defendant and his Representatives from violating Section 5 of the FTC Act, 15 U.S.C. § 45(a), this Stipulated Final Judgment and Order For Permanent Injunction is hereby approved and adopted by the Court.

_September 22, 1999_
DATED

_[signature]_
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS

**APPENDIX A**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,    )<br>    Plaintiff,    )<br>    )<br>    v.    )<br>    )<br>HOLD BILLING SERVICES, LTD.,    )<br>    a Texas limited partnership;    )<br>HBS, INC.,    )<br>    a Texas corporation;    )<br>AVERY COMMUNICATIONS, INC.,    )<br>    a Texas corporation;    )<br>VETERANS OF AMERICA ASSOCIATION, LTD.,    )<br>    a Pennsylvania corporation;    )<br>THOMAS M. LYONS, individually and as an officer    )<br>    of HBS, Inc.;    )<br>KEITH C. CALIL, individually and as an officer of    )<br>    Veterans of America Association, Ltd.; and    )<br>MILFORD H. BALABAN, individually and as an officer    )<br>    of Veterans of America Association, Ltd.;    )<br>    )<br>    Defendants.    )<br>    ) | CIVIL NO. SA-98-CA-0629-FB |

### AFFIDAVIT OF MILFORD H. BALABAN

I, Milford H. Balaban, being duly sworn, hereby state and affirm as follows:

1.    My name is Milford H. Balaban. My current address is _____
_____. I am a citizen of the United States and am over the age of eighteen. I have personal knowledge of the facts set forth in this Affidavit.

STIPULATED FINAL JUDGMENT AND ORDER - APPENDIX A            PAGE 1 OF 2

2.      I am an individual defendant in <u>FTC v. Hold Billing Services, Ltd., et al.</u>, Case No. SA-98-CA-06 FB, in the United States District Court for the Western District of Texas.

3.      On [date], I received a copy of the Stipulated Final Judgment and Order for Permanent Injunction which was signed by the Honorable Fred Biery and entered by the Court on [date of entry of Order]. A tr and correct copy of the Order I received is appended to this Affidavit.

I swear or affirm, under the penalty of perjury, with knowledge of the penalties for false statement provided by 18 United States Code Section 1001, and with the knowledge that this declaration is submitte me to affect action by the Federal Trade Commission, that the foregoing is true and correct.

Executed on this ____ day of _____, 1999, at [city], [state].


_____
Milford H. Balaban



Subscribed and sworn to before me this ____ day of _____, 1999.



_____
Notary Public


My Commission Expires: _____

**STIPULATED FINAL JUDGMENT AND ORDER - APPENDIX A**                              **PAGE 2 OF 2**