UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

SEP 2 2 1999

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>        Plaintiff,<br><br>                v.<br><br>HOLD BILLING SERVICES, LTD.,<br>        a Texas limited partnership;<br>HBS, INC.,<br>        a Texas corporation;<br>AVERY COMMUNICATIONS, INC.,<br>        a Texas corporation;<br>VETERANS OF AMERICA ASSOCIATION, LTD.,<br>        a Pennsylvania corporation;<br>THOMAS M. LYONS, individually and as an officer<br>        of HBS, Inc.;<br>KEITH C. CALIL, individually and as an officer of<br>        Veterans of America Association, Ltd.; and<br>MILFORD H. BALABAN, individually and as an officer<br>        of Veterans of America Association, Ltd.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL NO.  SA-98-CA-0629-FB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED FINAL JUDGMENT AND ORDER FOR
## PERMANENT INJUNCTION AND CONSUMER REDRESS AS TO
## DEFENDANTS HOLD BILLING SERVICES, LTD., HBS, INC.,
## AVERY COMMUNICATIONS, INC. AND THOMAS M. LYONS

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed its complaint

for permanent injunction and other relief pursuant to § 13(b) of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. § 53(b), charging Defendants Hold Billing Services, Ltd., HBS, Inc., Avery

Communications, Inc. and Thomas M. Lyons with violating Section 5 of the FTC Act, 15 U.S.C. § 45.

**STIPULATED FINAL JUDGMENT AND ORDER**                    **PAGE 1 OF 20**

39

The parties have agreed to the entry of this Stipulated Final Judgment and Order for Permanent Injunction and Consumer Redress ("Order") by this Court to resolve all matters of dispute between them in this action.

**NOW, THEREFORE,** Plaintiff Federal Trade Commission and Defendants Hold Billing Services, Ltd., HBS, Inc., Avery Communications, Inc. and Thomas M. Lyons having requested the Court to enter this Order,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

1.     This Court has jurisdiction of the subject matter of this case and of the parties consenting hereto.

2.     Venue is proper as to all parties in the Western District of Texas.

3.     The activities of Defendants are in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.

4.     The Complaint states a claim upon which relief may be granted against Defendants under Section 5 of the FTC Act, 15 U.S.C. § 45(a).

5.     Defendants have waived all rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996).

6.     This Order does not constitute an admission by Defendants that they have engaged in violations of the FTC Act.

7.     Nothing in this Order shall be construed as relieving Defendants of any obligations they may have under any other rule or law enforced by the FTC or Federal Communications Commission.

## DEFINITIONS

1.    "Commission" or "FTC" means the Federal Trade Commission.

2.    "Defendants" means Hold Billing Services, Ltd., HBS, Inc., Avery Communications, Inc. and Thomas M. Lyons, and their successors and assigns.

3.    "LEC" or local exchange carrier means the local telephone company from which a Line Subscriber receives his or her telephone bill.

4.    "Line Subscriber" means an individual or entity who has arranged with a LEC to obtain local telephone service provided through an assigned telephone number, and to be billed for such service on a monthly or other periodic basis.

5.    "Person" means any individual, partnership, corporation, association or unincorporated association, government or governmental subdivision or agency, group, or other entity.

6.    "Representatives" means Defendants' officers, partners, agents, employees, servants, attorneys and those Persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

7.    "Telephone-Billed Transaction" means any purchase or purported purchase of a good or service that is charged to a Line Subscriber's telephone bill, including any voice mail or audiotext service, but excluding: (1) purchases solely of common carrier transmission services; and (2) purchases of services accessed by dialing a 900 number or other number that can be blocked by the Line Subscriber pursuant to 47 U.S.C. § 228(c).

8.    "Vendor" means any Person, including any of the Defendants or their Representatives, who sells or offers to sell goods or services billable as a Telephone-Billed Transaction.

**STIPULATED FINAL JUDGMENT AND ORDER**                                    **PAGE 3 OF 20**

## I. - BAN ON SWEEPSTAKES AND NEGATIVE OPTION BILLING

**IT IS THEREFORE ORDERED** that Defendants and their Representatives are hereby permanently restrained and enjoined from billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a Line Subscriber for any Telephone-Billed Transaction made as a result of an authorization obtained from a sweepstakes, prize promotion or negative option marketing plan.

## II. - PROHIBITED BUSINESS PRACTICES

**IT IS FURTHER ORDERED** that Defendants and their Representatives, in connection with the advertising, offering, promotion or sale of any Telephone-Billed Transaction, or with the billing or collection for a Telephone-Billed Transaction, are hereby permanently restrained and enjoined from:

    A.    Making any express or implied misrepresentation of material fact, orally or in writing, including, but not limited to:

        1.    Any misrepresentation that a Line Subscriber is legally obligated to pay for the purchase of any good or service that the Line Subscriber did not expressly authorize;

        2.    Any misrepresentation that a Line Subscriber is obligated to pay any charge on the basis that the good or service was purchased or accessed from the Line Subscriber's telephone, unless the Line Subscriber expressly authorized the purchase; and

        3.    Any misrepresentation that a Telephone-Billed Transaction has been authorized by the Line Subscriber;

B.     Failing, in a timely fashion, to respond to consumer complaints and inquiries, and to investigate billing disputes, and to require Vendors that provide their own customer service to do the same; and

C.     Failing to answer promptly any telephone number for customer service that the Defendants or their Representatives cause to be placed on Line Subscribers' telephone bills, and to require Vendors to answer promptly any such number and any other number to which Defendants or their Representatives may refer customer complaints or inquiries.

### III. - LINE SUBSCRIBER AUTHORIZATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives are hereby permanently restrained and enjoined from billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a Line Subscriber for any Telephone-Billed Transaction, unless the charge for such Telephone-Billed Transaction was expressly authorized by the Line Subscriber.

### IV. - NO AUTHORIZATION FROM TELEPHONE NUMBER

**IT IS FURTHER ORDERED** that Defendants and their Representatives are hereby permanently restrained and enjoined from billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a Line Subscriber for any Telephone-Billed Transaction, where the Vendor's basis for billing is its possession of the Line Subscriber's telephone number, whether obtained through Automatic Number Identification (ANI) or through any other means.

### V. - REQUIRED DISCLOSURES

**IT IS FURTHER ORDERED** that Defendants and their Representatives are hereby permanently restrained and enjoined from:

A.    Billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a Line Subscriber for any Telephone-Billed Transaction on behalf of any Vendor that does not disclose clearly and conspicuously to the Line Subscriber before such Line Subscriber authorizes charges for the Vendor's goods or services, the following information:

      1.    The total cost of the goods or services offered;

      2.    The number and amount of any payments to be made for the purchase;

      3.    That charges for the good or service will be billed to the Line Subscriber's telephone bill, if such is the case;

      4.    Any material term, condition, or limitation of the transaction or on the use of the offered good or service;

      5.    The Vendor's refund policy, if any, or if none, the fact that refunds will not be granted; and

      6.    The means, if any, by which the purchase can be canceled;

B.    Billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a Line Subscriber for any Telephone-Billed Transaction on behalf of any Vendor that:

      1.    Does not obtain express authorization for such Telephone-Billed Transaction from the Line Subscriber; and

      2.    Does not create and maintain for a period of two (2) years from the date of such creation, records containing the names, addresses and telephone numbers of all Line Subscribers billed by Defendants or their Representatives for the Vendor, and make such records available to Defendants or their Representatives promptly upon request; and

C.    Transmitting billing data to any LEC that fails to enable the LEC to prepare a bill that clearly and conspicuously discloses:

1.    An accurate description for each Telephone-Billed Transaction of the type of good or service being charged, and the amount of the charge; and

2.    The local or toll-free telephone number where Line Subscribers can readily obtain resolution of their complaints and removal of unauthorized charges from their bills.

## VI. - CONSUMER REDRESS

**IT IS FURTHER ORDERED** that Defendants are jointly and severally liable for payment of equitable monetary relief, including, but not limited to, consumer redress and the cost of any attendant expenses of administration of any redress fund, in the amount of ONE MILLION SIX HUNDRED TWENTY-FOUR THOUSAND AND FIFTY-THREE DOLLARS ($1,624,053.00).

A.    Defendants represent that prior to their execution of this Order, they have made and/or authorized the making of payments totaling ONE MILLION THREE HUNDRED SEVENTY-FOUR THOUSAND AND FIFTY-THREE DOLLARS ($1,374,053.00) for refunds to consumers who were billed by Defendants on behalf of Defendant Veterans of America Association, Ltd. ("VOAA"), and for the attendant expenses of providing such refunds to consumers, as follows:

| | |
|---|---|
| Credits to consumers for VOAA charges processed by Defendant Hold Billing Services Ltd.: | $859,080 |
| Reimbursement and expenses of administration paid by HBS to LECs for credits issued to consumers by the LECs for VOAA charges | $514,973 |
| | $1,374,053 |

Accordingly, in view of the refunds to consumers already made by Defendants, ONE MILLION THREE HUNDRED SEVENTY-FOUR THOUSAND AND FIFTY-THREE DOLLARS ($1,374,053.00) of the

judgment shall be suspended; subject to further order of the Court pursuant to Paragraph VII of this Order.

B.      Prior to or concurrently with the execution of this Order, Defendants shall turn over to their attorney the remainder due under this judgment for further consumer redress and the attendant expenses of administration, of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00). Defendants' attorney shall hold this sum in escrow until the entry of this Order. Within ten (10) days of the date of entry of this Order, Defendants' attorney shall transfer the escrowed amount in the form of a wire transfer or certified or cashier's check made payable to the Commission, or such agent as the Commission may direct, in its sole discretion.

C.      Time is of the essence for the payment specified above. In the event that Defendants, or any of them, do not fulfill, or only partially fulfill, the payment obligation set forth in this Paragraph, they shall be immediately liable for payment of the entire amount due, less any payments already made. Defendants agree that, in such event, the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by the Commission to enforce its rights pursuant to this Order, including but not limited to a nondischargeability complaint in any subsequent bankruptcy proceeding.

D.      If the Commission, in its sole discretion, determines that redress is wholly or partially impractical, any funds not so used shall be deposited in the United States Treasury. The Commission, in its sole discretion, may use a designated agent to administer consumer redress. Defendants acknowledge and agree that this judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment or forfeiture.

E.    Defendants shall cooperate fully with the Commission and its agents in all attempts to collect the amount due pursuant to this Paragraph if Defendants, or any of them, fail to pay fully the amount due at the time specified by this Order. In such an event, Defendants agree to provide the Commission with their federal and state tax returns for the preceding two years, and with full financial disclosure, in the form attached as Appendix A-1 or A-2 hereto, as applicable, within ten (10) business days of receiving a request from the Commission to do so. Defendants further authorize the Commission to verify all information provided on their financial disclosure forms with all appropriate third parties, including but not limited to financial institutions.

## VII. - RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that the Commission's agreement to this Order is expressly premised upon the financial condition of Defendants as represented in the "Financial Statement of Partnership Defendant" Hold Billing Services, Ltd." dated January 29, 1999, on the "Financial Statement of Corporate Defendant" Avery Communications, Inc. dated February 22, 1999, and on Defendants' representations in Paragraph VI.A. of this Order, which contain material information upon which the Commission relied in negotiating and consenting to this Order. If upon motion by the Commission, this Court finds that Defendants' representations in Paragraph VI.A. were materially misleading, or that their financial statement failed to disclose any material asset, materially misrepresented the value of any asset, or contained any other material misrepresentation or omission, the Commission may request that the judgment herein be reopened for the purpose of requiring payment of additional monetary redress or obtaining other equitable relief; *Provided, however*, that in all other respects this judgment shall remain in full force and effect, unless otherwise ordered by the Court.

## VIII. - BILLING LIST CONFIDENTIALITY

**IT IS FURTHER ORDERED** that Defendants and their Representatives are hereby permanently restrained and enjoined from selling or renting the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any Line Subscriber or other Person whom Defendants or their Representatives billed or caused to be billed, at any time prior to entry of this Order, *Provided, however,* that Defendants and their Representatives may disclose such identifying information to a law enforcement or regulatory agency as required by any law, regulation, or court order.

## IX. - MAINTENANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, for any business that Defendants or their Representatives, or any of them, now or in the future, directly or indirectly manage, control, or have a majority ownership interest in, that is engaged in billing or collection activities for Telephone-Billed Transactions, or assisting others engaged in those activities, Defendants and their Representatives are hereby restrained and enjoined from failing to create, and from failing to retain for a period of two (2) years following the date of such creation, unless otherwise specified:

A.     Books, records, and accounts that, in reasonable detail, accurately and fairly reflect the cost of goods or services sold, annual and quarterly gross revenues generated, and the disbursement of such revenues;

B.     Records accurately reflecting: the name, address, and home telephone number of each Person employed in any capacity by such business, including as an independent contractor; that Person's job title or position; the date upon which the Person commenced work; and if applicable, the date and

reason for the Person's termination, at all times while any such Person is employed by Defendants or their Representatives and for a period of at least two (2) years thereafter;

C.     Records containing the telephone numbers, quantity of all goods or services purchased or billed, and a description of all such goods or services, for all Line Subscribers who Defendants or their Representatives have billed or caused to be billed for any goods or services as a result of a Telephone-Billed Transaction, including, but not limited to, all electronic billing data submitted by Defendants or their Representatives to a LEC;

D.     Records of every consumer complaint or refund request received by Defendants, whether directly, or indirectly through a third party, which records shall be organized and maintained so that all records relating to a particular Line Subscriber are retrievable by the Line Subscriber's telephone number, including, but not limited to:

1.     The Line Subscriber's telephone number and the dollar amount paid or allegedly owed by the Line Subscriber;

2.     A dated copy of the written complaint, inquiry or refund request, if any, and records reflecting the date and content of any complaint, inquiry or refund request made orally or by telephone;

3.     If provided by the consumer, the basis of the complaint, including the name of any salesperson complained against, and the nature and result of any investigation conducted by Defendants concerning the complaint;

4.     Each response by Defendants and the date of the response;

5.     Any final resolution by Defendants and the date of the resolution; and

**STIPULATED FINAL JUDGMENT AND ORDER**                    **PAGE 11 OF 20**

6.      In the event of a denial of a refund request by Defendants, the reason for the denial;

E.      Records of the name, address and telephone number of any Vendor for which the Defendants or their Representatives provide billing or collection services;

F.      For each Defendant and each Vendor for which it provides billing or collection services, a copy or recording, organized and maintained so that all materials relating to a particular Defendant or Vendor may be retrieved by the name of the entity and the dates of their use, of each materially different:

1.      Print, television, radio, video or Internet advertisement or other item of promotional material;

2.      Sales script;

3.      Item of sales training material;

4.      Consumer response script; and

5.      Item of consumer response training material;

G.      Records for each Vendor for which the Defendants or their Representatives provide billing or collection services, organized and maintained by Vendor name, that show:

1.      The total dollar amount of billings received from the Vendor, and the total dollar amount of billings transmitted to the LECs on behalf of the Vendor by Defendants or their Representatives, both in the aggregate and on a monthly basis;

2.      The total number of written complaints and refund requests relating to the Vendor received by Defendants or their Representatives directly or through third parties, both in the aggregate and on a monthly basis;

**STIPULATED FINAL JUDGMENT AND ORDER**                                    **PAGE 12 OF 20**

3.    The total number of telephone calls relating to the Vendor to all toll-free telephone numbers for Defendants or their Representatives that appear on Line Subscribers' telephone bills, whether inquiries, referrals, complaints or refund requests both in the aggregate and on a monthly basis;

4.    The total dollar amount of credits for Line Subscribers received from the Vendor for transmittal to the LECs, both in the aggregate and on a monthly basis;

5.    The total dollar amount of all LEC charge backs for the Vendor, both in the aggregate and on a monthly basis; and

6.    The total number of oral and written complaints about unauthorized charges for Telephone-Billed Transactions received by Defendants, their Representatives and the Vendor, both in the aggregate and on a monthly basis.

## X. - COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of three (3) years from the date of entry of this Order, or for so long as each is involved, directly or indirectly, in billing or collection for Telephone-Billed Transactions, whichever is shorter, Defendants shall notify the Commission of the following:

1.    Any changes in the residence, mailing address and telephone number of any individual Defendant, partner of any partnership Defendant and chief executive officer of any corporate Defendant, within ten (10) days of the date of such change;

2.    Any change in the employment status (including self-employment) of any individual Defendant, partner of any partnership Defendant and chief executive officer of any

STIPULATED FINAL JUDGMENT AND ORDER                              PAGE 13 OF 20

corporate Defendant, within ten (10) days of such change. Such notice shall include the name and address of each business that such Person is affiliated with or employed by, a statement of the nature of the business, and a statement of such Person's duties and responsibilities in connection with the business or employment; and

        3.     Any proposed change in the business structure of any corporate or partnership Defendant, or any proposed change in the structure of any business entity engaged in billing or collection for Telephone-Billed Transactions that is majority owned, managed or controlled by the Defendants or their Representatives, or any of them, such as creation, incorporation, dissolution, assignment, sale, merger, dissolution of subsidiaries, filing of a bankruptcy petition, change in the corporate or partnership name or address, or any other change that may affect compliance obligations arising out of this Order, not less than thirty (30) days prior to the effective date of any proposed change; *Provided, however,* that, with respect to any proposed change in the corporation about which any Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after learning of such proposed change;

    B.     One hundred eighty (180) days after the date of entry of this Order, each Defendant shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which Defendant has complied and is complying with this Order. The report shall include but not be limited to:

        1.     The then-current residence address and telephone number of any individual Defendant, partner of a partnership Defendant, and chief executive officer of a corporate Defendant;

**STIPULATED FINAL JUDGMENT AND ORDER**          **PAGE 14 OF 20**

2.      The then-current business or employment address and telephone number of any

employer of any individual Defendant, partner of a partnership Defendant, and chief executive

officer of a corporate Defendant; a description of the business activities of each employer, and

Defendant's title and responsibilities for each employer;

3.      A copy of each acknowledgment of receipt of this Order obtained by Defendants

pursuant to Paragraph XIII.;

4.      A statement describing the manner in which each Defendant has complied with

and is complying with the injunctive and consumer redress provisions of this Order; and

C.      Upon written request by a representative of the Commission, each Defendant shall submit

additional written reports (under oath, if requested) and produce documents on reasonable notice with

respect to any conduct subject to this Order;

D.      For the purposes of this Order, Defendants shall, unless otherwise directed by the

Commission's authorized representatives, mail all written notifications to the Commission to:

> Associate Director
> Division of Marketing Practices
> Federal Trade Commission, Room 238
> 6th Street and Pennsylvania Avenue, NW
> Washington, D.C.  20580; and

E.      For the purposes of this Paragraph, "employment" includes the performance of services

as an employee, consultant, or independent contractor; and "employers" include any individual or entity

for whom any Defendant performs services as an employee, consultant, or independent contractor.

## XI. - COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE

**IT IS FURTHER ORDERED** that the Commission is authorized to monitor Defendants'

compliance with this Order by all lawful means, including but not limited to the following:

**STIPULATED FINAL JUDGMENT AND ORDER**                                    **PAGE 15 OF 20**

A.    The Commission is authorized, with leave of court, to obtain discovery from any Person

in the manner provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26 - 37,

including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring

and investigating Defendants' compliance with any provision of this Order;

B.    The Commission is authorized to use representatives posing as consumers, potential

clients and suppliers to Defendants, including holding incidental conversations with customer service

and other representatives of the Defendants, without the necessity of identification, prior notice, or the

presence of counsel; and

C.    Nothing in this Order shall limit the Commission's lawful use of compulsory process,

pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to investigate whether

Defendants have violated any provision of this Order, Section 5 of the FTC Act, 15 U.S.C. § 45, or any

applicable rule or regulation promulgated and enforced by the Commission thereunder.

## XII. - ACCESS TO BUSINESS PREMISES

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this

Order, for the purpose of further determining compliance with this Order, Defendants shall permit

representatives of the Commission, within three (3) business days of receipt of written notice from the

Commission:

A.    Access during normal business hours to any office or facility storing documents, of any

business that Defendants or their Representatives, or any of them, directly or indirectly manage, control,

or have a majority ownership interest in, that is engaged in billing or collection activities for Telephone-

Billed Transactions, or assisting others engaged in those activities.  In providing such access, Defendants

shall permit Commission representatives to remove originals of documents, or copies at Defendants'

option and expense, relevant to Defendants' compliance with any provision of this Order for a period not to exceed five (5) business days so that the documents may be inspected, inventoried and copied; and

B.      To interview the officers, directors, and employees, including all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, of any business to which Paragraph XII.A. applies, concerning matters relating to compliance with the terms of this Order. The Person interviewed may have counsel present; *Provided, however,* that, upon application of the Commission and for good cause shown, the Court may enter an *ex parte* order granting immediate access to Defendants' business premises for the purposes of inspecting and copying all documents relevant to any provision of this Order.

## XIII. - DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Defendants shall:

A.      Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of the Order from, all officers, directors, and partners of any Defendant and each individual serving any Defendant in a management capacity, whether designated as employees, consultants, independent contractors or otherwise, within three (3) business days of the entry of this Order for any business that Defendants or their Representatives, or any of them, directly or indirectly manage, control, or have a majority ownership interest in, that is engaged in billing or collection activities for Telephone-Billed Transactions, or assisting others engaged in those activities;

B.      Provide, in the form set forth in Appendix C, a copy of the injunctive provisions of this Order to, and obtain a signed and dated acknowledgment of receipt of the copy from, each current and

future Vendor with which any Defendant has contracted or contracts to provide billing and collection services for Telephone-Billed Transactions, all of Defendants' personnel involved in responding to consumer complaints or inquiries, and all of Defendants' sales personnel, whether designated as employees, consultants, independent contractors or otherwise, within three (3) business days of the entry of this Order, of contracting with a Vendor, and of employing or retaining any such Person for any business that Defendants or their Representatives, or any of them, directly or indirectly manage, control, or have a majority ownership interest in, that is engaged in billing or collection activities for Telephone-Billed Transactions. or in assisting others engaged in those activities;

C.     Maintain for a period of three (3) years after creation, and upon reasonable notice, make available to representatives of the Commission, the original signed and dated acknowledgments of receipt of copies of this Order required by Paragraphs XIII.A., and the original signed and dated acknowledgements of receipt of copies of the Notice required by Paragraph XIII.B. of this Order.

## XIV. - ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that within five (5) business days after receipt by Defendants of this Order as entered by the Court, each individual Defendant, chief executive officer of a corporate Defendant, and partner of a partnership Defendant shall submit to the Commission a truthful sworn statement, in the form shown on Appendix B, that shall acknowledge receipt of this Final Order.

## XV. - COSTS

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorney fees incurred in connection with this action.

## XVI. - RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction of this matter for the

purpose of enabling any of the parties to this Order to apply to the Court at any time for such further

orders or directives as may be necessary or appropriate for the interpretation or modification of this

Order, for the enforcement or compliance therewith, or the punishment of violations thereof.


The parties, by their counsel and individually, hereby consent to the terms and conditions of the

Stipulated Final Judgment and Order for Permanent Injunction and Consumer Redress set forth above,

and consent to the entry hereof.

**FOR DEFENDANTS:**

Byron LeFlore, Jr.
Attorney for Defendants
One Riverwalk Place, Suite 800
700 North St. Mary's Street
San Antonio, TX 78205-3596
(210) 354-4300
(210) 354-4034 (facsimile)

Rick Box, as President of HBS, Inc., sole
general partner of Hold Billing Services, Ltd.
4242 Medical Drive, Suite 2100
San Antonio, TX 78229
(210) 593-0222
(210) 593-9814 (facsimile)


Thomas M. Lyons, individually and as
President of Avery Communications, Inc.
938 Hills Creek Drive
McKinney, TX 75070
(972) 851-9191

Scott McCormick, Chief Financial Officer
Avery Communications, Inc.
190 South LaSalle Street, Suite 1710
Chicago, IL 60603


**STIPULATED FINAL JUDGMENT AND ORDER**

## XVI. - RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction of this matter for the purpose of enabling any of the parties to this Order to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Order, for the enforcement or compliance therewith, or the punishment of violations thereof.

The parties, by their counsel and individually, hereby consent to the terms and conditions of the Stipulated Final Judgment and Order for Permanent Injunction and Consumer Redress set forth above, and consent to the entry hereof.

**FOR DEFENDANTS**:

_____
Byron LeFlore, Jr.
Attorney for Defendants
One Riverwalk Place, Suite 800
700 North St. Mary's Street
San Antonio, TX 78205-3596
(210) 354-4300
(210) 354-4034 (facsimile)

_____
Rick Box, as President of HBS, Inc., sole
general partner of Hold Billing Services, Ltd.
4242 Medical Drive, Suite 2100
San Antonio, TX 78229
        (210) 593-0222
(210) 593-9814 (facsimile)

_____
Thomas M. Lyons, individually and as
President of Avery Communications, Inc.
938 Hills Creek Drive
McKinney, TX 75070
(972) 851-9191

_____
Scott McCormick, Chief Financial Officer
Avery Communications, Inc.
190 South LaSalle Street, Suite 1710
Chicago, IL 60603

**STIPULATED FINAL JUDGMENT AND ORDER**                    **PAGE 19 OF 20**

## XVI. - RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction of this matter for the purpose of enabling any of the parties to this Order to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Order, for the enforcement or compliance therewith, or the punishment of violations thereof.

The parties, by their counsel and individually, hereby consent to the terms and conditions of the Stipulated Final Judgment and Order for Permanent Injunction and Consumer Redress set forth above, and consent to the entry hereof.

**FOR DEFENDANTS:**

Byron LeFlore, Jr.
Attorney for Defendants
One Riverwalk Place, Suite 800
700 North St. Mary's Street
San Antonio, TX 78205-3596
(210) 354-4300
(210) 354-4034 (facsimile)

Rick Box, as President of HBS, Inc., sole
general partner of Hold Billing Services, Ltd.
4242 Medical Drive, Suite 2100
San Antonio, TX 78229
(210) 593-0222
(210) 593-9814 (facsimile)

Thomas M. Lyons, individually and as
President of Avery Communications, Inc.
938 Hills Creek Drive
McKinney, TX 75070
(972) 851-9191

Scott McCormick, Chief Financial Officer
Avery Communications, Inc.
190 South LaSalle Street, Suite 1710
Chicago, IL 60603

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

Craig Tregillus
Federal Trade Commission
Washington, DC 20580
(202) 326-2970
(202) 326-3395 (facsimile)


The parties, having agreed to the entry of this Order enjoining Defendants and their

Representatives from violating Section 5 of the FTC Act, 15 U.S.C. § 45(a), and requiring payment of

consumer redress, this Stipulated Final Judgment and Order For Permanent Injunction and Consumer

Redress is hereby approved and adopted by the Court.


_September 23, 1999_
DATED

UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS

Appendix A-1

FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

Instructions: Complete all items. You must make your best effort to obtain any information requested. If you are not sure whether certain facts and information are responsive to an item, include them. Write "NA" if not applicable. Attach additional sheets as needed. Type or print legibly. Sign and date completed form on last page.

Note: Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

    (1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

    (2) "in any ... statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

    (3) "in any (... statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information ... knowing the same to contain any false material declaration. (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

PERSONAL INFORMATION

Item 1.
Your Full Name_____Date of Birth_____

Your address_____

Telephone No._____Soc. Sec. No. _____

Have you ever used another name or social security number? Yes_____No_____ If so, list them.

_____

_____

Item 2.
Spouse's Name_____Date of Birth_____

Address (if different) _____

Telephone No._____Soc. Sec. No. _____

Claimed as dependent on any tax return by you at any time during the past 5 years?
Yes_____ No_____
If so, for what years?_____

**Item 3.**
Former Spouse's Name_____Date of Birth_____

Address_____

Telephone No._____Soc. Sec. No. _____

Claimed as dependent on any tax return by you at any time during the past 5 years?
Yes____ No____
If so, for what years?_____

**Item 4.a.**
Child's Name_____Date of Birth_____

Address (if different)_____

Telephone No._____Soc. Sec. No. _____

Claimed as dependent on any tax return by you or your spouse (or the child's other parent) at
any time during the past 5 years?  Yes____ No____

If so, for what years?_____

     **b.**
Child's Name_____Date of Birth_____

Address (if different)_____

Telephone No._____Soc. Sec. No. _____

Claimed as dependent on any tax return by you or your spouse (or the child's other parent) at
any time during the past 5 years?  Yes____ No____

If so, for what years?_____

     **c.**
Child's Name_____Date of Birth_____

Address (if different)_____

Telephone No._____Soc. Sec. No. _____

Claimed as dependent on any tax return by you or your spouse (or the child's other parent) at
any time during the past 5 years?  Yes____ No____

If so, for what years?_____

**Item 5.**
Provide the requested information for each of your primary places of residence for the past
five years.

     **a.**
Current Address_____

From_____ To_____  Own___ Rent___  Purchase Price or Mo. Rent_____
Name and Address of
Landlord_____

b.
Former Address_____

From_____ To_____ Own___ Rent___ Selling Price or Mo. Rent_____

c.
Former Address_____

From_____ To_____ Own___ Rent___ Selling Price or Mo. Rent_____

d.
Former Address_____

From_____ To_____ Own___ Rent___ Selling Price or Mo. Rent_____

**EMPLOYMENT**

**Item 6.**
Provide the requested information for each of the previous five years for each company of which you were a director, officer, employee, agent, or consultant at any time during those five years.  Income includes any salary, draw, dividends or other benefits received by you, your spouse or your children as a result of your labor or ownership interest.

| a. Company Name & Address | Positions Held | Year | Income from Company |
|---|---|---|---|
| _____ | _____ | 19___ | _____ |
| _____ | _____ | 19___ | _____ |
| _____ | _____ | 19___ | _____ |
|  | _____ | 19___ | _____ |
|  | _____ | 19___ | _____ |

| b. Company Name & Address | Positions Held | Year | Income from Company |
|---|---|---|---|
| _____ | _____ | 19___ | _____ |
| _____ | _____ | 19___ | _____ |
| _____ | _____ | 19___ | _____ |
|  | _____ | 19___ | _____ |
|  | _____ | 19___ | _____ |

| c. Company Name & Address | Positions Held | Year | Income from Company |
|---|---|---|---|
| _____ | _____ | 19___ | _____ |
| _____ | _____ | 19___ | _____ |
| _____ | _____ | 19___ | _____ |
|  | _____ | 19___ | _____ |
|  | _____ | 19___ | _____ |

As used in the remaining items, "your children" includes only children whom you or your spouse (or their other parent) claimed <u>or could have claimed</u> as a dependent for tax purposes at any time during the past five years.  This limitation does not apply to the preceding items.

## ASSETS AND LIABILITIES

### Item 7.
List each domestic and foreign bank, savings & loan, brokerage firm, safe deposit box, safe, vault, lockbox, or other financial or property depository in which you, your spouse, or your children have held money or other property at any time during the past three years, and provide the requested information.

| Depository Name and Address | Type of Account | Number of Account | Current Balance or Value |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

### Item 8.
List all commercial paper, securities, stocks, bonds, mutual funds or other financial instruments in which you, your spouse, and/or your children have an interest:

| Name & Address of Custodian | Type of Instrument | Current Value | Liens or Encumbrances |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Item 9.
List all life insurance policies on you, your spouse or your children:

a.    Insurance Company
      Name and Address                    Insured: _____    Face Value: _____

_____              Beneficiary: _____

_____          Surrender Value: _____

_____           Loans On Policy: _____

b.    Insurance Company
      Name and Address                    Insured: _____    Face Value: _____

_____              Beneficiary: _____

_____          Surrender Value: _____

_____           Loans On Policy: _____

c.    Insurance Company
      Name and Address                    Insured: _____    Face Value: _____

_____              Beneficiary: _____

_____          Surrender Value: _____

_____           Loans On Policy: _____

Item 10.
Provide the requested information about any real estate in which you, your spouse, or your
children have an interest (including, but not limited to, land or buildings).

a.
Location of Property_____

Owner & Interest_____

Purchase Price_____    Current Market Value_____

Name & Address of Holder of Encumbrance_____

_____

Account or Loan #_____    Original Amount_____    Current Payoff_____

b.
Location of Property_____

Owner & Interest_____

Purchase Price_____    Current Market Value_____

Name & Address of Holder of Encumbrance_____

_____

Account or Loan #_____    Original Amount_____    Current Payoff_____

- 5 -

**c.**
Location of Property_____

Owner & Interest_____

Purchase Price_____     Current Market Value_____

Name & Address of Holder of Encumbrance_____

_____

Account or Loan #_____     Original Amount_____     Current Payoff_____

**d.**
Location of Property_____

Owner & Interest_____

Purchase Price_____     Current Market Value_____

Name & Address of Holder of Encumbrance_____

_____

Account or Loan #_____     Original Amount_____     Current Payoff_____

**Item 11.**
Provide the requested information about any automobile, motorcycle, boat, or airplane in which
you, your spouse, or your children have an interest.

**a.**
Year, Make & Model_____     Owner_____

Address where can be found_____

Purchase Price_____     Current Value_____     Who makes payments?_____

Name & Address of Holder of Encumbrance_____

_____

Account or Loan #_____     Original Amount_____     Current Payoff_____

**b.**
Year, Make & Model_____     Owner_____

Address where can be found_____

Purchase Price_____     Current Value_____     Who makes payments?_____

Name & Address of Holder of Encumbrance_____

_____

Account or Loan #_____     Original Amount_____     Current Payoff_____

- 6 -

**c.**
Year, Make & Model_____     Owner_____

Address where can be found_____

Purchase Price_____     Current Value_____     Who makes payments?_____

Name & Address of Holder of Encumbrance_____

_____

Account or Loan #_____     Original Amount_____     Current Payoff_____

**d.**
Year, Make & Model_____     Owner_____

Address where can be found_____

Purchase Price_____     Current Value_____     Who makes payments?_____

Name & Address of Holder of Encumbrance_____

_____

Account or Loan #_____     Original Amount_____     Current Payoff_____

**Item 12.**
List all other assets with a current value of $1000 or more (including, but not limited to, cash, antiques, furniture, artwork, gems, jewelry, precious metals, horses and other live animals and collectibles) in which you, your spouse, or your children have an interest.

| Asset | Name & Address Where Located | Owner | Current Value |
|-------|------------------------------|-------|---------------|
|       |                              |       |               |
|       |                              |       |               |
|       |                              |       |               |
|       |                              |       |               |
|       |                              |       |               |
|       |                              |       |               |
|       |                              |       |               |
|       |                              |       |               |
|       |                              |       |               |
|       |                              |       |               |
|       |                              |       |               |
|       |                              |       |               |

**Item 13.**
List each credit card or revolving loan account in your, your spouse's, or your children's names or that any of you use, and provide the requested information.

| Name & Address of Bank | Type of Card or Loan & Account # | Names on Account | Last Balance |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Item 14.**
List all other liabilities not already described, and provide the requested information.

| Nature of Liability | Name & Address of Person or Entity to Whom Liable | Amount of Liability |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**Item 15.**                           <u>CURRENT BALANCE SHEET</u>

<table>
<tr><td colspan="2"><u>ASSETS</u></td><td colspan="2"><u>LIABILITIES</u></td></tr>
<tr><td>Cash in Banks</td><td>$_____</td><td>Credit Cards Payable</td><td>$_____</td></tr>
<tr><td>Money Market Funds</td><td>$_____</td><td>Installment Obligations</td><td>$_____</td></tr>
<tr><td>Accounts Receivable</td><td>$_____</td><td>Other Loans Payable</td><td>$_____</td></tr>
<tr><td>Securities</td><td>$_____</td><td>Encumbrances of Securities</td><td>$_____</td></tr>
<tr><td>Cash Value of Life<br>Insurance Policies</td><td>$_____</td><td>Loans on Life Insurance</td><td>$_____</td></tr>
<tr><td>IRAs - Value</td><td>$_____</td><td>Income Taxes Payable</td><td>$_____</td></tr>
<tr><td>Household Furnishing</td><td>$_____</td><td>Other Taxes Payable</td><td>$_____</td></tr>
<tr><td>Motor vehicles - value</td><td>$_____</td><td>Motor vehicles - liens</td><td>$_____</td></tr>
<tr><td>Real Property - value</td><td>$_____</td><td>Real Property - encumbrances</td><td>$_____</td></tr>
<tr><td>Jewelry - value</td><td>$_____</td><td><u>Other Liabilities</u> (Describe)</td><td></td></tr>
<tr><td>Artwork - value</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td><u>Other Assets</u> (Describe)</td><td></td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>Total Assets</td><td>$_____</td><td>Total Liabilities</td><td>$_____</td></tr>
</table>

**Item 16.**                          **AVERAGE MONTHLY INCOME AND EXPENSES**

              **INCOME**                                                    **EXPENSES**

Salary                    $_____    Mortgage/Rent Payments    $_____

Spouses Salary            $_____    State & Fed Income Taxes  $_____

Dividends                 $_____    Other taxes               $_____

Interest                  $_____    Alimony or child support  $_____

Fees or Commissions       $_____    Food and Clothing         $_____

Income Property           $_____    Expenses of Income Prop   $_____

Other Income  (Describe)                       Utilities                 $_____

_____           $_____    Car Payments              $_____

_____           $_____    Other Expenses (Describe)

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

_____           $_____    _____           $_____

Total Income              $_____    Total Expenses            $_____

**Item 17.**
Have you, your spouse, and/or your children filed a federal income tax return during the last three years? Yes ( )   No ( ).  If answer is yes, attach a copy of the returns and all schedules.

**Item 18.**
Have you, your spouse and/or your children placed any assets in trust, or are you, your spouse and/or your children beneficiaries or potential recipients of any assets or income from any trust? Yes ( )    No ( ).  If answer is yes, provide the following information.

| Trustees' Names and Addresses | Donor of Trust | Beneficiaries of Trust | Present Value of Trust |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

    I am submitting this financial statement under court order and with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                           Signature

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions:  Complete all items.  You must make your best effort to obtain any information requested.  If you are not sure whether certain facts and information are responsive to an item, include them.  Write "NA" if not applicable.  Attach additional sheets as needed.  Type or print legibly.  An officer of the corporation must sign and date the completed form on the last page.  If no officer is available to sign the form because all officers assert their Fifth Amendment privilege against self-incrimination, the corporation's board of directors must designate another person to sign and complete the form.  A copy of the corporate resolution designating such person should be attached to the form.**

**Note:  Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:**

> **(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);**

> **(2) "in any ... statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or**

> **(3) "in any (... statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information ... knowing the same to contain any false material declaration. (18 U.S.C. § 1623)**

**For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss.  18 U.S.C. § 3571.**

1.    Corporation Name _____     Type:     For Profit   ( )
                                                                  Not for Profit   ( )

2.    Business Address _____
                                            Street

            _____
                     City                                    State          Zip Code

      NOTE:  ATTACH SCHEDULE OF ALL BUSINESS ADDRESSES

3.    Foreign_____   Domestic_____

4.    State-Incorporation _____   Date-Incorporation_____

      Licensed to do business in _____

5.    Name Registered Agent _____

      a.Address Registered Agent _____

      b.Phone_____

6.   Names and Addresses of Principal Stockholders.  Indentify the owners of at least 75% of the stock of the Corporation.

<u>Name</u>                <u>Address</u>                <u>% of Total Shares</u>       <u># of Shares</u>

(1) _____

(2) _____

(3) _____

(4) _____

(5) _____

7.   (A) Names and Addresses of Current Officers and Number of Shares held by each.

<u>Name/Office Held</u>        <u>Address</u>             <u>% of Total Shares</u>       <u># of Shares</u>

(1) _____

(2) _____

(3) _____

(4) _____

   (B) Names and Addresses of Current Members of Board of Directors.

<u>Names</u>                <u>Address</u>                        <u>Expiration of Term</u>

(1) _____

(2) _____

(3) _____

(4) _____

(5) _____

8.   List all states and municipalities to which taxes have been paid and/or are being paid. Describe nature and amount of such taxes, state most recent year of payment thereof and whether tax payments are current.

<u>Nature of Tax</u>              <u>Date Last Paid</u>     <u>Amount Paid</u>     <u>Amount Due</u>

_____

_____

_____

_____

_____

_____

- 2 -

9.  Has this Corporation filed United States Corporate Income Tax Returns for the last three fiscal years? Yes ( )   No ( ).  If yes, attached copies of each tax return.

To what I.R.S. Office(s)? _____

What years? _____

Name and address of person who prepared tax return(s) _____

_____

What Years?_____

Are Federal Taxes Current? Yes ( )   No ( )

Describe any Federal Tax liabilities or liens _____

_____

10.  Name and Address of:

(a) Corporation's Independent Certified Public Accountants during last three years.

_____

_____

_____

(b)  Corporate Attorneys retained by Corporation during last three years.

_____

_____

_____

11.  Does this Corporation have a Profit and Loss Statement and/or Balance Sheet for the three previous fiscal years and any part of the current fiscal year? Yes ( ) No ( ).  If yes, submit one copy of each.  Submit audited documents if available.

12.  Give names and addresses of Banks, Savings and Loan Associations, and other such entities, within the United States or elsewhere, where the Corporation maintains bank accounts.  Indicate name and number of accounts and balances.

(A)  Checking Account(s)

| Bank | Location | Account No. | Balance |
|------|----------|-------------|---------|
|      |          |             |         |
|      |          |             |         |
|      |          |             |         |
|      |          |             |         |

- 3 -

(B)    Savings Account(s)

<u>Bank</u>              <u>Location</u>                    <u>Account No.</u>          <u>Balance</u>

_____

_____

_____

_____


(C)    Savings & Loan Associations or other such entities

<u>Name</u>              <u>Location</u>                    <u>Account No.</u>          <u>Balance</u>

_____

_____


(D)    Trust Account(s)

_____


(E)    Other Account(s)

_____


13.    List all commercial paper, negotiable or non-negotiable, in which the Corporation has any
       interest whatsoever.  Describe such paper and the Corporation's interest therein, and
       state its present location.  List all accounts and loans receivable in excess of $1000
       and specify if due from an officer, stockholder, or director.

_____

_____

_____

_____


14.    For the last taxable year, indicate in round figures:

       (A)    Gross Income                          $_____

       (B)    Expenses (Fixed and Current)          $_____

       (C)    Gross Profit (or Loss)                $_____

       (D)    Net Profit After Taxes                $_____

       (E)    (List approximate totals):

              Payables: $_____    Receivables: $_____

15.  Is this Corporation presently:

   (A)  Active?                                    Yes ( )        No ( )

   (B)  Inactive?                             Yes ( )        No ( )

   (C)  Void and/or Terminated by State Authority?      Yes ( )        No ( )

   (D)  Otherwise dissolved?                   Yes ( )        No ( )

      1.  Date _____

      2.  By whom?_____

      3.  Reasons_____

16.  (A) List corporate salaries and/or draws of the following personnel for the current and two previous taxable years.

| Position | Name | Current Year | Past Year | Year Before Last |
|---|---|---|---|---|
| President | | | | |
| Vice President | | | | |
| Chairman/Board | | | | |
| Secretary | | | | |
| Treasurer | | | | |

(B) List five most highly compensated employees or officers (other than those listed in A above), describe position, and set forth salary and/or bonus for the current and two previous taxable years.

| Name | Position | Current Year | Past Year | Year Before Last |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

(C) Describe the nature of any compensation paid to the persons listed in (A) and (B) above in the form of stock options, pensions, profit sharing, royalties, and/or other deferred compensation rights.

| Name | Type of Compensation |
|---|---|
| | |
| | |
| | |
| | |

(D) List the five highest-earning franchisees and their earnings for the current and previous two taxable years.

|  | Name | Current Year | Past Year | Year Before Last |
|---|---|---|---|---|
| (1) | | | | |
| (2) | | | | |
| (3) | | | | |
| (4) | | | | |
| (5) | | | | |

17. List all fields of activity in which this Corporation is engaged, either directly or through subsidiaries or affiliates, stating the names(s), and state(s) of incorporation of such subsidiaries or affiliates.

1. _____

2. _____

3. _____

4. _____

5. _____

18. Has this Corporation at any time been the subject of any proceeding under the provisions of any State Insolvency Law, or the Federal Bankruptcy Code?  If so, supply the following information as to each such proceeding:

(A)   Date (Commencement) _____    (B)   Date (Termination) _____

(C)   Discharge or other disposition, if any, and operative effect thereof:

_____

_____

(D)   State Court _____            Federal Court_____
                      County        State                        District

(E)   Docket No. _____

19. (A) List all Real Estate and tangible property, of an estimated value in excess of $5,000.00, owned or under contract to be purchased by this Corporation and where located: (Include inventory, machinery, equipment, furniture, vehicles, and any other personal property).

_____

_____

_____

_____

_____

- 6 -

(B)    List and describe all judgments, recorded and unrecorded:

(1)    Against the Corporation

| Description | Court | Docket No. | Date of Judgment |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

(2)    In favor of the Corporation

| Description | Court | Docket No. | Date of Judgment |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

(C)    List and describe all other encumbrances against Real Estate listed in (A) above, including but not limited to mortgages, recorded or unrecorded:

_____

_____

_____

_____

(D)    List and describe all other encumbrances (including but not limited to security interests, whether perfected or not) against any such personalty owned by the Corporation as is listed in (A) above.

_____

_____

_____

_____

(E)    List the landlords to whom rent is paid, if the corporation occupies any rental space:

_____

_____

_____

- 7 -

20. List all Life Insurance, now in force on any or all officers, directors, and/or "key" employees, setting forth face amounts, names of life insurance companies, and policy numbers where this Corporation has an "insurable interest," and/or is paying the premium or part of same. Where applicable, indicate under which policy(s) this Corporation is a beneficiary, type policy(s), yearly premium, and location of policy(s).

_____

_____

_____

_____

21. (A) List all persons authorized to sign corporate checks.

   **Name**                **Bank**              **Account No.**

_____

_____

_____

_____

   (B) List all persons provided and/or authorized to use corporate credit card(s).

   **Name**              **Card Issuer**          **Account No.**

_____

_____

_____

_____

_____

22. List all transfers of any or all assets (Real and/or Personal) (over $1,000.00) made by this Corporation, OTHER THAN IN THE ORDINARY COURSE OF BUSINESS, during the last three years, identify the asset and its value, and state to whom transfer was made.

_____

_____

_____

_____

23. Is this Corporation a party in any law suit now pending?
   (  ) Yes. (give details below)   (  ) No.

_____

_____

_____

_____

24.  List names and addresses of any person or other business entity, holding funds in escrow
     or in trust for this Corporation, or any of its subsidiaries, or affiliates.

     _____

     _____

     _____

     _____

     _____

25.  Additional Remarks:        _____

                                _____

     _____

     _____

     _____

     _____

26.  <u>Attachments</u>

     (A)  Are corporate tax returns attached (See item 9)?      Yes  (   )    No   (   )

     (B)  Are Profit and Loss Statements and/or Balance
          Sheets attached (See item 11)?                        Yes  (   )    No   (   )

     (C)  Identify other attachments:

     _____

     _____

     _____

     _____

     _____

          I am submitting this financial statement under court order and with the understanding
     that it may affect action by the Federal Trade Commission or a federal court.  I have used my
     best efforts to obtain the information requested in this statement.  The responses I have
     provided to the items above are true and contain all the requested facts and information of
     which I have notice or knowledge.  I have provided all requested documents in my custody,
     possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001,
     18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under
     penalty of perjury under the laws of the United States that the foregoing is true and correct.

     Executed on:

     _____            _____
     (Date)                                  Signature


                                             _____
                                             Corporate Position

**APPENDIX B**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Plaintiff,<br><br>       v.<br><br>HOLD BILLING SERVICES, LTD.,<br>    a Texas limited partnership;<br>HBS, INC.,<br>    a Texas corporation;<br>AVERY COMMUNICATIONS, INC.,<br>    a Texas corporation;<br>VETERANS OF AMERICA ASSOCIATION, LTD.,<br>    a Pennsylvania corporation;<br>THOMAS M. LYONS, individually and as an officer<br>    of HBS, Inc.;<br>KEITH C. CALIL, individually and as an officer of<br>    Veterans of America Association, Ltd.; and<br>MILFORD H. BALABAN, individually and as an officer<br>    of Veterans of America Association, Ltd.;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL NO. SA-98-CA-0629-FB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF [NAME]**

I, [Name of defendant], being duly sworn, hereby state and affirm as follows:

1.    My name is _____. My current address is _____ _____. I am a citizen of the United States and am over the age of eighteen. I have personal knowledge of the facts set forth in this Affidavit.

2.    I am an individual defendant in FTC v. Hold Billing Services, Ltd., et al., Case No. SA-98-CA-0629-FB, in the United States District Court for the Western District of Texas.

[OR]

2.      I am the [Title] of [Name of Entity], a defendant in FTC v. Hold Billing Services, Ltd., et al., Case No. SA-98-CA-0629-FB, in the United States District Court for the Western District of Texas.

3.      On [date], I received a copy of the Stipulated Final Judgment and Order for Permanent Injunction and Consumer Redress, which was signed by the Honorable Fred Biery and entered by the Court on [date of entry of Order].  A true and correct copy of the Order I received is appended to this Affidavit.

        I swear or affirm, under the penalty of perjury, with knowledge of the penalties for false statements provided by 18 United States Code Section 1001, and with the knowledge that this declaration is submitted by me to affect action by the Federal Trade Commission, that the foregoing is true and correct.

Executed on September ___, 1998, at [city], [state].


_____

Full name of defendant, partner or chief executive officer



Subscribed  and sworn to before me this ____ day of _____, 1998.



_____

Notary Public


My Commission Expires: _____.

**APPENDIX C**

**IMPORTANT NOTICE TO EMPLOYEES AND BILLING CLIENTS**
**OF [Insert name of Defendant]**

Pursuant to Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and a Stipulated Final Judgment and Permanent Injunction in <u>Federal Trade Commission v. Hold Billing Services, Ltd., et al.</u>, Civil No. SA-98-CA-0629-FB, in the United States District Court for the Western District of Texas, Defendant [Insert name of Defendant] ("the Company"), hereby notifies its employees and billing clients of the following stipulated restrictions on the business practices of the Company, its employees and the Company's billing clients:

**I. - BAN ON SWEEPSTAKES AND NEGATIVE OPTION BILLING**

The Company is enjoined from billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a Line Subscriber for any Telephone-Billed Transaction[1] made as a result of an authorization obtained from a sweepstakes, prize promotion or negative option marketing plan.

**II. - PROHIBITED BUSINESS PRACTICES**

In connection with the advertising, offering, promotion or sale of any Telephone-Billed Transaction, or with the billing or collection for a Telephone-Billed Transaction, the Company is enjoined from:

    A.    Making any express or implied misrepresentation of material fact, orally or in writing, including, but not limited to:

        1.    Any misrepresentation that a Line Subscriber is legally obligated to pay for the purchase of any good or service that the Line Subscriber did not expressly authorize;

        2.    Any misrepresentation that a Line Subscriber is obligated to pay any charge on the basis that the good or service was purchased or accessed from the Line Subscriber's telephone, unless the Line Subscriber expressly authorized the purchase; and

        3.    Any misrepresentation that a Telephone-Billed Transaction has been authorized by the Line Subscriber;

---

    [1]    "Telephone-Billed Transaction" means any purchase or purported purchase of a good or service that is charged to a Line Subscriber's telephone bill, including any voice mail or audiotext service, but excluding: (1) purchases solely of common carrier transmission services; and (2) purchases of services accessed by dialing a 900 number or other number that can be blocked by the Line Subscriber pursuant to 47 U.S.C. § 228(c).

B.      Failing, in a timely fashion, to respond to consumer complaints and inquiries, and to investigate billing disputes, and to require all billing clients that provide their own customer service to do the same; and

C.      Failing to answer promptly any telephone number for customer service that the Company causes to be placed on Line Subscribers' telephone bills, and to require billing clients to answer promptly any such number and any other number to which the Company may refer customer complaints or inquiries.

## III. - LINE SUBSCRIBER AUTHORIZATION

The Company is enjoined from billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a Line Subscriber for any Telephone-Billed Transaction, unless the charge for such Telephone-Billed Transaction was expressly authorized by the Line Subscriber.

## IV. - NO AUTHORIZATION FROM TELEPHONE NUMBER

The Company is enjoined from billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a Line Subscriber for any Telephone-Billed Transaction, where the billing client's basis for billing is its possession of the Line Subscriber's telephone number, whether obtained through Automatic Number Identification (ANI) or through any other means.

## V. - REQUIRED DISCLOSURES

The Company is permanently restrained and enjoined from:

A.      Billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a Line Subscriber for any Telephone-Billed Transaction on behalf of any billing client that does not disclose clearly and conspicuously to the Line Subscriber before such Line Subscriber authorizes charges for the billing client's goods or services, the following information:

1.      The total cost of the goods or services offered;

2.      The number and amount of any payments to be made for the purchase;

3.      That charges for the good or service will be billed to the Line Subscriber's telephone bill, if such is the case;

4.      Any material term, condition, or limitation of the transaction or on the use of the offered good or service;

5.      The billing client's refund policy, if any, or if none, the fact that refunds will not be granted; and

**STIPULATED FINAL JUDGMENT AND ORDER - APPENDIX C**                    **PAGE 2 OF 3**

      6.      The means, if any, by which the purchase can be canceled;

    B.      Billing or causing to be billed, or collecting or attempting to collect payment, directly or indirectly, from a Line Subscriber for any Telephone-Billed Transaction on behalf of any billing client that:

      1.      Does not obtain express authorization for such Telephone-Billed Transaction from the Line Subscriber; and

      2.      Does not create and maintain for a period of two (2) years from the date of such creation, records containing the names, addresses and telephone numbers of all Line Subscribers billed by the Company for the Vendor, and make such records available to Defendants or their Representatives promptly upon request; and

    C.      Transmitting billing data to any LEC that fails to enable the LEC to prepare a bill that clearly and conspicuously discloses:

      1.      An accurate description for each Telephone-Billed Transaction of the type of good or service being charged, and the amount of the charge; and

      2.      The local or toll-free telephone number where Line Subscribers can readily obtain resolution of their complaints and removal of unauthorized charges from their bills.

(Complete, detach and return the form below)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- -

### ACKNOWLEDGMENT OF RECEIPT

    1.      I, _____, am an employee/billing client [circle one] of Defendant [Insert name of Defendant].

    2.      By signing and dating this receipt, I acknowledge that I received a copy of the attached "Important Notice To Employees and Billing Clients of [Insert name of Defendant]," and have read and understood it, and retained the copy for my records.

_____         _____

  (Date of Receipt)                     (Signature)

**STIPULATED FINAL JUDGMENT AND ORDER - APPENDIX C**        **PAGE 3 OF 3**