IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 1 7 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-98-CA-629-FB |
| | § | |
| HOLD BILLING SERVICES, LTD., a | § | |
| Texas Limited Partnership; HBS, INC., a | § | |
| Texas Corporation; AVERY | § | |
| COMMUNICATIONS, INC., a Texas | § | |
| Corporation; VETERANS OF AMERICA | § | |
| ASSOCIATION, LTD., a Pennsylvania | § | |
| Corporation; THOMAS M. LYONS, | § | |
| Individually and as an Officer of HBS, INC., | § | |
| KEITH C. CALIL, Individually and as | § | |
| Officer of Veterans of America Association, | § | |
| Ltd.; and MILFORD H. BALABAN, | § | |
| Individually and as an Officer of Veterans | § | |
| of America Association, Ltd., | § | |
| | § | |
| Defendants. | § | |

## ADVISORY AND ORDER CONCERNING ALLEGED VIOLATION OF PERMANENT INJUNCTION

Before the Court is correspondence from a consumer in Bozeman, Montana, implicitly alleging possible violations of this Court's Permanent Injunction of September 22, 1999, based on a Stipulated Final Judgment between and among the parties. Ms. Concord's correspondence is attached hereto as Exhibit A.

The parties and counsel are ORDERED to review the matter to determine whether further action need be taken within this cause number or through other formal or informal procedures with Ms. Concord.

The Federal Trade Commission is also ORDERED to take reasonable steps to see that this Court's Permanent Injunction is not being violated with respect to other consumers.

The Clerk of Court is ORDERED to send a copy of this order to the following persons:

1. Ms. Judith Concord
   821 W. Mendenhall
   Bozeman, Montana 59715

2. Byron L. LeFlore, Jr., Esquire
   Argonaut Group, Inc.
   10101 Reunion Place #500
   San Antonio, Texas 78216

3. Craig Tregillus, Esquire
   Federal Trade Commission
   600 Pennsylvania Avenue NW, Room 238
   Washington, D.C. 20580

IT IS FURTHER ORDERED that counsel shall keep the Court apprised of the resolution of this matter.

It is so ORDERED.

SIGNED this __17th__ day of August, 2006.

FRED BIERY
UNITED STATES DISTRICT JUDGE

July 25, 2006

Mr. Michael Oakes
Divisional Officer Manager
US District Clerks Office

SA 98CA 629

Dear Mr. Oakes,

I don't have the information on the specific court or judge that handled this case. I have enclosed the first page of court and defendants so it might be easier for you to handle. This company is in violation of several permanent injunctions listed in this case in the state of Montana. I assume since this is a federal court, the injunctions apply to all states. Hold Billing Services put a long distance service on my business phone without any authorization and so far have not taken off all the charges. I would like to have the judge that handled the case be made aware of their continued operations. Could you send this enclosed letter to the proper judge? Thank you.

Respectfully,
Manager
The Sewing Shop
Enclosure (2)

JEC

EXHIBIT "A"

Page 1 of 3

United States District Judge
Western District of Texas
San Antonio District

Dear Sirs,

I am aware of the case brought against Hold Billing Company; CIVIL NO. SA-98-CA-0629-FB.
I reside in Bozeman, Montana but my complaint against Hold Billing is for this state. They have put a long distance service on my phone without my authorization. In May, when I found this service, I called the supposed server which was listed as SILV COMMUNICATIONS. The phone number listed was disconnected. I then called Hold Billing and demanded they remove the service. The charges were still on my phone in June and I called again. One service rep said they had a tape authorization and I demanded to listen to it. She said it took two weeks to order the tape and that they would and a supervisor would call me and review the tape with me. I ask again that the service be removed from my phone line.
No phone call about the tape was received by me in June.
In July the long distance charges were still on my phone bill. I called again to demand they be remove.
Since this was a Federal Court injunction, I am assuming that it serves for any state.
I am affirming that Hold Billing Company is in defiance of this injunction to stop putting long distance services on phones and charging for them without the authorization of the owner and refusing to remove charges and services when ask.
I am asking that this injunction be enforced in Montana and every other state and that the suspended judgment of 1,374,053.00 now be imposed.
I am asking also for damages for my business in the amount of $500 for each month that I have been forced to try to deal with this situation.

Thank you for your attention,

Judith Concord for
The Sewing Shop

EXHIBIT "A"

Page 2 of 3

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISIONUNITED
STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION
FEDERAL TRADE COMMISSION,
Plaintiff,
v.
HOLD BILLING SERVICES, LTD.,
a Texas limited partnership;
HBS, INC.,
a Texas corporation;
AVERY COMMUNICATIONS, INC.,
a Texas corporation;
VETERANS OF AMERICA ASSOCIATION, LTD.,
a Pennsylvania corporation;
THOMAS M. LYONS, individually and as an officer of HBS, Inc.;
KEITH C. CALIL, individually and
as an officer of Veterans of America Association, Ltd.; and
MILFORD H. BALABAN, individually and
as an officer of Veterans of America Association, Ltd.,
Defendants.
CIVIL NO. SA-98-CA-0629-FB
STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND CONSUMER
REDRESS AS TO DEFENDANTS HOLD BILLING SERVICES, LTD., HBS, INC., AVERY COMMUNICATIONS, INC. AND THOMAS M. LYONS

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed its complaint for permanent injunction and other relief pursuant to § 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), charging Defendants Hold Billing Services, Ltd., HBS, Inc., Avery Communications, Inc. and Thomas M. Lyons with violating Section 5 of the FTC Act, 15 U.S.C. § 45.

The parties have agreed to the entry of this Stipulated Final Judgment and Order for Permanent Injunction and Consumer Redress ("Order") by this Court to resolve all matters of dispute between them in this action.

NOW, THEREFORE, Plaintiff Federal Trade Commission and Defendants Hold Billing Services, Ltd., HBS, Inc., Avery Communications, Inc. and Thomas M. Lyons having requested the Court to enter this Order,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

FINDINGS

1. This Court has jurisdiction of the subject matter of this case and of the parties consenting hereto.
2. Venue is proper as to all parties in the Western District of Texas.
3. The activities of Defendants are in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.
4. The Complaint states a claim upon which relief may be granted against Defendants under Section 5 of the FTC Act, 15 U.S.C. § 45(a).
5. Defendants have waived all rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996).
6. This Order does not constitute an admission by Defendants that they have engaged in violations of the FTC Act.
7. Nothing in this Order shall be construed as relieving Defendants of any obligations they may have under any other rule or law enforced by the FTC

EXHIBIT "A"

Page 3 of 3