IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

MAR 2 6 2013

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. SA-98-CA-629-FB |
| HOLD BILLING SERVICES, ET AL., | § § § | |
| Defendants. | § | |

## ORDER CLARIFYING REFERRAL ORDER ON
## ORDER TO SHOW CAUSE

Before the Court is the status of the above-styled and numbered cause. On February 19, 2013, the Court referred the Federal Trade Commission's Motion for an Order to Show Cause Why Billing Services Group Limited; Billing Services Group North America, Inc.; HBS Billing Services Company; Enhanced Billing Services, Inc.; Billing Concepts, Inc., and ACI Billing Services, Inc. Should Not Be Held in Contempt to United States Magistrate Judge Henry J. Bemporad pursuant to 28 U.S.C. § 636(b) and the Local Rules For Assignment Of Duties To United States Magistrate Judges. Based on the electronic docket sheet in this case, the Court is aware that Magistrate Judge Bemporad has set a status conference in this case for April 3, 2013.

As set forth in the motion (docket #65 at page 20), the FTC seeks "an Order to show cause why [defendants] should not be held in civil contempt and ordered to pay a compensatory sanction" for services totaling $52,631,244.46. The proposed order submitted with the motion suggests that if the motion to show cause is granted, a hearing should be held to allow the named defendants to "show cause why they should not be held in contempt for violating the Stipulated Final Judgment and Order for Permanent Injunction entered in this case on September 22, 1999." (Docket #67).

The parties' briefing, however, has turned to arguments concerning whether the FTC's motion is more analogous to a motion to dismiss or a motion for summary judgment. (*Compare* Docket #69, at 7, *with* Docket # 71, at 16.) If taken to its logical conclusion, the former argument would mean that the Magistrate Judge would be empowered only to issue findings and recommendations whether the Order for Show Cause should issue, without ever reaching the underlying evidentiary issues in the case; by contrast, the latter argument would mean that the Magistrate Judge would not be empowered to hold an evidentiary hearing, but would be required to rule on documents alone.

The Court rejects both analogies. As the FTC has pointed out, a court "has a great deal of latitude in enforcing its own decrees in a contempt proceeding," but "it must allow a party charged with contempt an opportunity to contest the issue." (Docket # 71, at 17 *(quoting D. Patrick, Inc. v. Ford Motor Co.,* 8 F.3d 455, 459 (7th Cir. 1993) (citations omitted)). The Court intends that the Magistrate Judge address all factual and legal issues in this case, ensuring that both parties are given an opportunity to raise any legitimate legal or factual issues that are relevant to the question of civil contempt or damages.

Accordingly, in order to aid Magistrate Judge Bemporad in his upcoming status conference, the Court hereby CONDITIONALLY GRANTS the Motion for an Order to Show Cause (docket #65). The conditional granting of the motion is subject to further consideration and recommendation of Magistrate Judge Bemporad and without prejudice to any legal or factual issues raised by any party in the briefing currently before the Court, and does not foreclose the Magistrate Judge's ability to hold an evidentiary hearing, as necessary, on any matter relating to the question of any Defendant's liability for violation of the Court's Order of September 22, 1999. Magistrate Judge Bemporad shall conduct

further proceedings as he deems necessary to resolve any issues remaining between the parties, consistent with his authority in 28 U.S.C. § 636.

It is so ORDERED.

SIGNED this 26 day of March, 2013.

FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE