UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | SA-98-CA-629-FB (HJB) |
| HOLD BILLING SERVICES, LTD., ET AL., | § § § § | |
| Defendants. | § | |

**ORDER**

The matter before the Court is Respondents' Amended & Supplemental Motion for Leave to Conduct Discovery. (Docket Entry 104.) Pretrial matters have been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 96.)

Plaintiff filed a Motion to Show Cause Why Respondents Should Not be Held in Contempt on April 4, 2012. (Docket Entry 65.) This motion claims that Respondents violated a permanent injunction issued in 1999. (*Id.*; *see* Docket Entry 39.) As part of its response to that motion, Respondents filed a Motion for Leave to Conduct Discovery on April 2, 2013. (Docket Entry 94.) A status conference in the case was held the following day. At the conference, Respondents' motion fo discovery was discussed, and the Court stated that Respondents would be given an "opportunity to contest the issues in" Plaintiff's Motion to Show Cause, and that this opportunity would "involve some limited discovery." (Docket Entry 104-1, at 4.)[1] The Court encouraged the parties to attempt

---

[1] *Cf D. Patrick, Inc. v. Ford Motor. Co.* 8 F.3d 455, 459 (7th Cir. 1993) ("Due process may entitle the parties to discovery and an evidentiary hearing to the extent necessary to resolve relevant factual disputes. . . . However, because the contempt proceeding is concerned solely with whether or not the respondent's conduct violates a prior court order, the parties cannot reasonably expect to

to reach an agreement on the nature and scope of the discovery to be conducted. (*Id.* at 9.)

On April 24, 2013, Respondents filed the instant motion, informing the Court that the parties were unable to reach a complete agreement concerning Respondents' discovery requests. The motion modifies and amends Respondents' previous motion, and it requests that the Court determine the scope and nature of the requested discovery. (Docket Entry 104, at 2.) As amended, Respondents' discovery requests include: (1) the material and documents the Federal Bureau of Investigation (FBI) shared with Plaintiff; (2) a deposition of Anabel Genetski, the depositions of up to six other individuals, and four depositions of corporate representatives; (3) written discovery, including single sets of Requests for Production, Interrogatories, and Requests for Admissions; and (4) a reasonable discovery and pre-hearing schedule.[2] (*Id.* at 5–10.) Respondents contend that this discovery is reasonably calculated to lead to the discovery of admissible evidence, and that it is necessary to help them prepare their defense to Plaintiff's claim for violation of a permanent injunction. (*Id.*)

Plaintiff responds to these discovery requests by arguing that Respondents already have all the relevant documents they need to defend the contempt action, except certain documents the FBI obtained through a search warrant executed at the business premises of Cindy Landeen. (Docket Entry 105, at 4.) As to those documents, Plaintiff states that the "FBI has asserted to [Respondents] that the documents it provided to [Plaintiff] are non-public but that it will consider releasing, or allowing [Plaintiff] to release, the documents if [Respondents] counsel submits to the FBI a letter

---

litigate to the same extent that they might in a new and independent civil action.") (citations omitted).

[2] The request for a discovery and pre-hearing schedule is addressed in a separate Scheduling Order issued this date.

setting forth the scope and relevance of the requested documents." (*Id.*)

Plaintiff further responds that it is opposed to Respondents' deposition request for Anabel Genetski, but that it has already agreed to Respondents' depositions of Stephen Oskoui, Andrew Chen, and Brian Percival. (Docket Entry 105, at 8–9.) It notes that Genetski is no longer employed by the FTC, and it argues that it would be a waste of time to depose Genetski because she only summarized "the total billings and credits in documents" that Respondents produced in discovery and that, because the summaries are admissible evidence, there is no need to depose Genetski. (*Id.* at 9.) However, Plaintiff states that if the Court decides Genetski's deposition is necessary, then it "will have a currently-employed data analyst re-run the summary calculations, sign a new declaration, and be made available for deposition." (*Id.* at 10.) As for the deposition of any other individuals, Plaintiff argues that Respondents should be required to identify these persons and the reasons it believes the additional depositions are necessary; Plaintiff states that it will then respond to the requests for additional depositions once those witnesses are disclosed. (*Id.*)

Next, Plaintiff responds that Respondents request for open-ended written discovery is too broad because Respondents request unlimited, unspecified discovery without identifying a dispute of material fact or a cognizable defense in which its requests are based. (Docket Entry 105, at 6.) Specifically, Plaintiff contends that Respondents' request for "all Documents that were generated, obtained, and/or maintained in connection with *Federal Trade Commission v. Nationwide Connections, Inc.* lawsuit, and which have been reviewed, considered, or relied upon by [Plaintiff for] its investigation of any company Affiliated with BCG and/or FTC's allegations in the [Motion to Show Cause]" is too broad because the *Nationwide* case has no bearing on whether Respondents violated the Permanent Injunction at issue in this case. (*Id.*; see Docket Entry 104-10, at 7.) Plaintiff

3

also argues that many of Respondents' request for written discovery call for documents that are privileged. (*Id.* at 7.) Plaintiff asks the Court to consider Respondents written discovery requests only if the requests are reasonably calculated to lead to the discovery of admissible evidence. (*Id.* at 8.)

Having carefully considered the parties' contentions, the Court finds that Respondents' Amended & Supplemental Motion for Leave to Conduct Discovery (Docket Entry 104) should be **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The motion is **GRANTED IN PART** as to Respondents' request for any FBI material shared with and used by Plaintiff in preparing its Motion to Show Cause Why Respondents Should Not be Held in Contempt. (Docket Entry 65.) Respondents are entitled to discover such material, but they must abide by the regulations for seeking such documents from the FBI. *See* 28 C.F.R. § 16.21 *et. seq.*; *Touhy v. Regan*, 340 U.S. 462 (1951).[3]

2. The motion is **GRANTED IN PART** as to Respondents' requested depositions. As Anabel Genetski is no longer employed with Plaintiff, Plaintiff must have a currently employed data analyst re-run the summary calculations and sign a new calculation, and Plaintiff must make that employee available for deposition. Respondents may also take the depositions of Stephen Oskoui and Andrew Chen. Respondents may take the deposition of Brian Percival, but only after compliance with the proper regulations as noted above. No other depositions may be taken without leave of Court.

---

[3]Respondents' argument that the regulations do not apply because the United States is a party to this litigation is rejected. *See* 28 C.F.R. § 16.21(a)(1) ("This subpart sets forth procedures to be followed with respect to the production or disclosure of any material contained in the files of the Department . . . (1) In all federal and state proceedings in which the United States is a party . . . .").

3. The motion is **GRANTED IN PART** as to Respondents' request for written discovery. Respondents may serve a single set of Requests for Production, Interrogatories, and Requests for Admission upon Plaintiff. The written discovery requests must seek material that is relevant to Respondents' defense—that is, they must be "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). As Respondents have not demonstrated the relevance of documents that relate to the case of *Federal Trade Commission v. Nationwide Connections, Inc.*, that request is **DENIED**. With regard to any documents that Plaintiff claims may be privileged, Respondents' motion is **DENIED WITHOUT PREJUDICE**. Plaintiff must identify such documents in a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and if Respondents dispute any such claim, they may seek disclosure through a timely motion to compel production.

4. All other discovery requested in Respondents' Supplemental Motion (Docket Entry 104), and not addressed in this Order or the Court's contemporaneously filed Scheduling Order, is **DENIED**.

In light of the filing of Respondents' Supplemental Motion, Respondents' original discovery motion (Docket Entry 94) is **DENIED AS MOOT**.

It is so **ORDERED**.

**SIGNED** this 3rd day of May, 2013.

Henry J. Bemporad
United States Magistrate Judge