UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | SA-98-CA-629-FB (HJB) |
| HOLD BILLING SERVICES, LTD., ET AL., | § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**To the Honorable Fred Biery, Chief United States District Judge:**

This Report and Recommendation concerns the Motion to Modify or Interpret 1999 Order filed in this case by Billing Services Group Limited, Billing Services Group North America, Inc., BSG Clearing Solution North America, LLC, HBS Billing Services Company, ACI Billing Services, Inc., Billing Concepts, Inc., and Enhanced Services Billing, Inc. (Docket Entry 99.) For the reasons set out below, I recommend that the Motion be **DENIED WITHOUT PREJUDICE** to the rights of any party in this case.

Plaintiff has sought to have the above-named parties held in contempt for violation of the Stipulated Final Judgment and Order for Permanent Injunction entered by this Court on September 22, 1999. (Docket Entry 39.) The Court conditionally granted Plaintiff's Motion for an Order to Show Cause regarding the contempt proceeding, and referred the matter to the undersigned for further consideration and recommendation, including any necessary hearing. (Docket Entry 92, at 2.) In its referral order, the Court made clear that its granting of the Plaintiff's show-cause motion was "without prejudice to any legal or factual issue raised by any party" at that time, and it

authorized the undersigned to hear "any matter relating to the question of any Defendant's liability for violation of the Court's Order." (*Id.*)

In their Motion to Modify, the above-named parties ask the Court to modify its 1999 Order to conform to the standards set forth in a subsequent Order issued in the case of *FTC v. Nationwide Connections, Inc. et al.*, No. 06-80180-CIV (S. D. Fla. Mar. 14, 2008). (*See* Docket Entry 99, at 12.) Alternatively, they ask that the Court clarify that its 1999 Order does not apply to Billing Services Group Ltd., BSG Clearing Solution North America, LLC, ACI Billing Services, Inc., Billing Concepts, Inc., and Enhanced Services Billing, Inc., who are claimed to be non-parties to the original suit in this case. (*See id.* 16.) Plaintiff opposes both requests. (*See* Docket Entry 110.)

The undersigned is currently conducting an evidentiary hearing in this matter. In accordance with the Court's referral order, I have carried the Motion to Modify with the case, and have allowed the parties to present all arguments regarding the motion as part of the hearing I am presently conducting. In light of this approach, I have proposed to the parties that the Motion to Modify should be denied without prejudice, and all issues raised in the motion addressed by the undersigned at the hearing. I specifically advised all parties that no argument would be waived, and no substantive right prejudiced, by adopting this procedure. On this understanding, the parties agreed to the procedure I proposed.

I therefore **RECOMMEND** that the Motion to Modify be **DENIED WITHOUT PREJUDICE** at this time, and that all claims relating to the issues in that Motion be addressed at the hearing before me, in any post-hearing brief as necessary, and in any objections to my report and recommendation on contempt liability, damages, and related issues in this case.

**Instructions For Service And Notice of Right to Object/Appeal.**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 5th day of November, 2013.

Henry J. Bemporad
United States Magistrate Judge